# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-416V
Filed: November 17, 2017
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
B.L.,                                *
                                     *
            Petitioner,              *    Motion to Redact Decision
                                     *    Influenza;
                                     *    Shoulder Injury ("SIRVA");
SECRETARY OF HEALTH                  *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER ON PETITIONER'S MOTION TO REDACT AND AMEND THE CAPTION[1]

**Dorsey**, Chief Special Master:

On March 23, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following her November 19, 2015 influenza ("flu") vaccination. Petition at 1. The undersigned issued a ruling on entitlement finding petitioner entitled to compensation on October 17, 2017. (ECF No. 18.)

Petitioner subsequently moved to redact the ruling on entitlement and to amend the caption of this case. (ECF No. 20) Specifically, petitioner seeks to have her full name reduced to initials in the ruling on entitlement specifically and in the case caption generally. (*Id.*) Petitioner indicated that she holds a position with an organization which

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  <u>In light of the undersigned's conclusion below, the undersigned intends to post this decision with a redacted caption</u>. To the extent petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

engages in public health advocacy related to vaccination.[2] (*Id.* at 3.)  Petitioner expressed concern that public knowledge of the fact of her own personal vaccine injury claim would negatively impact her credibility and professional relationships. (*Id.*)

In a response filed on November 6, 2017, respondent provided a recitation of relevant case law, but ultimately concluded that "Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, including this one, but rather defers to the special master's judgment as to whether petitioner's motion for redaction and/or amending of the case caption should be granted. . . " (ECF No. 21, p. 5.)  Petitioner filed no reply.

Section12(d)(4)(B) of the Vaccine Act, in relevant part, provides that:

A decision of a [S]pecial [M]aster or the court in a proceeding shall be disclosed, except that if the decision is to include information:
> i. which is trade secret or commercial or financial information which is privileged and confidential, or
> ii. which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 12(d)(4)(B); *See also* Vaccine Rule 18(b).

In several cases, special masters have declined to redact information, other than changing the name of a minor child to initials. *E.g.*, *Langland v. HHS*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), affirmed on this point at 109 Fed. Cl. 421, fn. 1 (2013); *Castagna v. HHS*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec Mstr. Aug 25, 2011); *House v. HHS*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012); *Anderson v. HHS*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).  However, in *W.C. v. HHS*, 100 Fed. Cl. 440 (Fed. Cl. 2011), the court held that disclosure of a petitioner's name in a decision is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements. In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dept. of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992).).

---

[2] The undersigned does note that petitioner's motion discloses for the undersigned's consideration petitioner's precise position and the name of the organization for which she works; however, revealing these details would not be in keeping with the undersigned's conclusion herein.

In this case, the undersigned agrees with the rationale expressed in *W.C.* Sensitivity to petitioner's particular professional concern in this instance outweighs the competing interest in disclosure.  **Petitioner's motion is therefore GRANTED.**

Thus, the public version of the ruling on entitlement shall be redacted to include only petitioner's initials, B.L.  Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

---

B.L.,

                 Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

                 Respondent.

---

**IT IS SO ORDERED**.

                                     **s/Nora Beth Dorsey**
                                     Nora Beth Dorsey
                                     Chief Special Master

---

[3] In his response, respondent asserted no affirmative argument for why amending the case caption would be inappropriate, but did raise the point that since vaccine case dockets are sealed, "the Vaccine Act's prohibition against a 'clearly unwarranted invasion of privacy' is not implicated until a special master issues a decision either finding entitlement or dismissing petitioner's claim, at which point petitioners are able to seek redaction of the decision prior to it becoming publically available." (ECF No. 21, p. 5.) Respondent continued: "Therefore, it is unclear why petitioner moves to amend the case caption, in addition to requesting redaction of the Ruling on Entitlement, at this time." (*Id.*)  The undersigned notes, however, that since petitioner has been found entitled to compensation it is certain that there will be additional decisions going forward that address the nature of petitioner's injury and claim – at a minimum a decision awarding damages – and there is good reason to conclude that the rationale discussed in this decision will continue to apply to any and all subsequent decisions issued in this case.  In that context, and given the limited nature of petitioner's redaction request, amending the case caption will eliminate repetitive motion practice and help to prevent any inadvertent disclosure on the part of the court or inadvertent waiver of redaction on the part of petitioner.